L. A. ANDREW, State Superintendent of Banking, Appellant, v. PEOPLE'S SAVINGS BANK OF NEVADA, Defendant; LUCY HUHN, Appellee.

No. 39305.

MARCH 18, 1930.

*John Fletcher,* Attorney-general, and *Welty & Soper,* for appellant.

*Addison & Smedal,* for appellee.

ALBERT, J.—The People's Savings Bank of Nevada, Iowa, was a going concern as a banking corporation under the laws of the state of Iowa until January 6, 1927, when it closed its doors,

and L. A. Andrew, superintendent of banking, was appointed receiver. At the time of closing, the bank had cash on hand in the sum of $10,788.25. The claimant herein, Mrs. Lucy Huhn, conducted a farming enterprise in the vicinity of Nevada, Iowa. She determined to sell her personal property, and employed the People's Savings Bank to take charge of the sale, and the bank sent its assistant cashier, by the name of Lattig, to clerk said sale. He duly performed these duties, and the gross proceeds of the sale collected by him amounted to $3,499.98. After deducting the expenses of the sale, etc., there was left on hand in the bank the sum of $2,567.16. This sale occurred December 17, 1926. No settlement was ever made between Mrs. Huhn and the bank as to this sale, and the bank was still the holder of the proceeds thereof at the time it went into the hands of the receiver.

The term "preference," or "preferred claim," although frequently used, is, as heretofore suggested, a misnomer. The real foundation of this proceeding is that Mrs. Huhn is asking a recovery of her own property: to wit, the proceeds of this sale. There is no question, under repeated decisions of this court, that the relation between Mrs. Huhn and the bank with reference to these proceeds is that of principal and agent, and she is simply calling upon her agent (or its receiver) to return to her property which rightfully belongs to her; and under the repeated decisions of this court,—which need not here be enumerated,—she is entitled to this, on proper proof.

The receiver seeks, however, to escape from this proposition by asserting that it carried on its books a "sales account" in the name of Mrs. Huhn, and that it later transferred from this "sales account" to the private account of Mrs. Huhn the sum of $2,000. This transfer is admitted to have been made without the knowledge or consent of Mrs. Huhn. Whatever bookkeeping may have been done by the bank for its own convenience is a matter in no way controlling in this case. *Miller v. Andrew,* 206 Iowa 957.

The receiver insists further, however, that Mrs. Huhn overdrew her private account, and subsequently issued checks, some of which the bank honored, and paid out of the proceeds of the sale. Mrs. Huhn testifies, however, that she did not know that her account was overdrawn when she issued these checks. There is no evidence in the record to show that she authorized the

bank to pay these checks out of what it calls the "sales account," and even if she had so authorized them paid from the proceeds of the sale, it would be no defense to the receiver.

Under the well recognized rules in this state, of which we have made many pronouncements, when the bank, the agent of Mrs. Huhn, received the proceeds of this sale and held it, to be turned over to Mrs. Huhn, a trust was thereby created; and when it is shown that, when the bank closed, it had cash on hand in more than the amount of this trust fund, the amount of the proceeds due Mrs. Huhn, the presumption is that the proceeds of this sale were included in the "cash on hand;" and when the receiver took the cash on hand, he had included in it, among other things, the proceeds of this sale, which was the property of Mrs. Huhn. She was entitled to the same, and the lower court rightfully so held.

The net proceeds of the sale, after paying expenses, etc., were $2,567.16. Mrs. Huhn had an overdraft in the bank of $173.65, which was deducted from the net proceeds, and her claim was allowed in the sum of $2,393.51. No complaint is made as to the deduction of this overdraft; hence the action of the court in so deducting the same is approved.—*Affirmed.*

MORLING, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.